OPINION of the Court, by
Judge Clark.
This was an action on the case, brought by the defendant in error against the plaintiff, in the Garrard circuit court. The declaration contains four counts. The first states that Hogan, being indebted to Obediah Payne in the sum of £. 23 14s. with interest from the first day of April 1799, being the balance of a single bill executed by Hogan to Payne, payable the first day of April 1799 ; that Payne, in consideration of a harte, saddle and bridle, worth 100 dollars, assigned the same to Vance, and likewise gave an order on Hogan for the money so due $ that in consideration thereof, and in discharge of the order aforesaid, Hogan assigned to Vance an article of agreement on Robert Craig, for keeping the turnpike read in repair ; and that Hogan promised, that if Vance would sue Craig, and be proved insolvent, that he would pay to Vance the amount of the judgment when required; The declaration avers the prosecution of a suit, and recovery of judgment for £. 33 6s. 9d. damages, and 60 dbllafs 65 cents costs ; upon which an execution was sued out, directed to the sheriff of Scott county; and by him returned, “ No estate in my bailiwick, nor the deferidatit ári inhabitant.”
The secofid count states, that in consideration that Vance, at the instance and request of Hogan, had paid to Obediah Payne a horse beast, saddle and bridle, of the value of 100 dollars, Hogan assumed and promised to pay him, whenever required, the amount of the balance due on a single bill executed by him to Payne far 105 dollars, payable, &c.
The other two are general counts, one for money had and received, and the other for money laid out and expended. The cause came on to be tried upon the general issue, and a verdict was found for the plaintiff below s a motion was made by the defendant for a new trial, which was overruled, and judgment was rendered upon the verdict; which is now brought into this court by writ of error. The evidence produced upon the trial is spread upon the record, by a bill of exception;, offered by the defendant.
It will be unnecessary to notice several errors assigned in the record, as they are either cured by the appear-nace of the defendant oí by verdict.
The prelump, debtór’rcfidesb the county where fuit wa« cefs was served.
Ti,e iteiff’» “n° fi, fa. dfceáed ta the co“nty ”jhjrees ciuiiveevidtnce ?f n0 property evidence that he faath no»«
riff returns no property, and biunt of hi» county, fuch re. ^nceofthekl ftivmcy of the debtot*
Affignee muft ufe due diii. gence to reto-money !⅛⅛ has no recomfe agamft a&gnor.
ty where debtor does not refilie* ⅛⅛'» does not amount »diligence
We shall only inquire whether the court below ought to have directed a new trial for the reasons stated in the bill of exceptions ; which were, that the jury had found contrary to evidence, and that they had misbehaved during the trial of the cause. In doing this we fhall inquire whether the record Hogan vs. Craig is sufficient to shew Craig’s insolvency ; for upon the establishment of that fact alone, Vance had a right to sue-ceed in this suit. The copy of the record was the only evidence produced to prove that fact; if it was ineffectual to do that, a new trial ought to have, been granted. That suit was brought in the Lexington district court, the capias was directed to the county of Jessamines, where it was executed.' Fropa these circumstances, we are to presume that Craig either resided in the county where the suit was commenced, or where the capias was executed. The return of nulla bona oa a writ of fieri facias directed to the county where the debtor resides, is conclusive evidence that he has tio property in that county, and may be considered as prima facie evidence that he has none elsewhere. But such a return, on an execution directed to a county where the debtor does cot reside, is no evidence of his insolvency, The execution in this case was directed to the county of Scott, and the sheriff has returned that Craig had. no property in bis bailiwick, and further that be was no inhabitant j this was neither conclusive or presumptive evi-denee that he had no property in the county where he redded ' ' resiaeu.
_ The assignee must use due diligence to recover the money of the obligor; if he fails in this, and the debt- or becomes insolvent, he makes the debt his own. The record used as evidence on the trial of this cause, is wholly insufficient, unaided by other testimony, to raise a reasonable presumption that Craig was insolvent, or that the amount of the judgment could,, not have been collected, had due diligence been used. Thinking the court below ought to have granted a new trial oa that ground, it is unnecessary to consider the other. ,.
Judgment reversed, and cause remanded for new trial.